**Oscar Manuel Chupin ROMERO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 12–70983.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.*

Filed April 22, 2015.

Oscar Manuel Chupin Romero, Gardena, CA, pro se.

David V. Bernal, Assistant Director, Stuart Nickum, Trial, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Oscar Manuel Chupin Romero, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration

---

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey,* 524 F.3d 1066, 1070 (9th Cir.2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Chupin Romero established changed or extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam).

Further, substantial evidence supports the agency's denial of CAT relief because Chupin Romero failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See id.* at 1073.

In denying Chupin Romero's withholding of removal claim, the agency concluded Chupin Romero failed to establish past persecution or a fear of future persecution on account of a protected ground. Substantial evidence supports the BIA's finding that Chupin Romero did not establish that he was harmed or threatened because of his membership in a particular social group of tall people. *See Parussimova v. Mukasey,* 555 F.3d 734, 741–42 (9th Cir. 2009) (under REAL ID Act, record did not compel conclusion that a protected ground was a central motivating reason for incident). However, with respect to the social group of young men targeted by gangs, when the IJ and BIA issued their decisions

in this case, they did not have the benefit of this court's decisions in *Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder,* 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder,* 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–,* 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Chupin Romero's withholding of removal claim to determine the impact, if any, of these decisions on Chupin Romero's social group of young men targeted by gangs. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**